# 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

## LAWRENCE DUGGINS v. COMMONWEALTH OF VIRGINIA.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*R. W. Kime* and *A. B. Hunt*, for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General,* for the Commonwealth.

CHICHESTER, J., delivered the opinion of the court.

The plaintiff in error, Lawrence Duggins, was indicted in the Circuit Court of Roanoke county jointly with Gordon Franklin for the murder of John Hodges.

The indictment contained three counts. The accused was found guilty under the first count by the following verdict: "We the jury find defendant, Lawrence Duggins, guilty of first degree murder on account of conspiracy and fix his punishment at twenty years in the penitentiary."

The only vital question in the case is whether there is sufficient evidence adduced against the accused to support this verdict.

The first count in the indictment, designated in the record as the conspiracy count, seems to have been accepted by the Commonwealth's Attorney and Attorney General as a charge of conspiracy. It is in reality nothing more than a charge of murder in the first degree in which the alleged plans of the accused and his associate to murder Hodges, are set out in detail and these plans culminated in the murder. It follows that if the proof sustains the charge as alleged in the in-

dictment, Duggins, the accused here, and Franklin were guilty of the murder of Hodges. And the jury so found. They found the accused guilty of murder in the first degree, and then added, on account of conspiracy. They may as well have said anything else as to the manner of the killing. "On account of conspiracy," as used in the verdict, therefore, is mere surplusage.

■ In reviewing the evidence upon the motion to set the verdict aside as contrary to the law and the evidence, this may not be material, but it is inaccurate and erroneous, as counsel for accused contends that the accused was acquitted of murder but found guilty of conspiracy.

The second and third counts specifically charge the accused of murder of John Hodges. The first count by shooting and the second by the use of some blunt instrument.

■ The first count, as said heretofore, charges a conspiracy between Gordon Franklin and the accused to kill and murder John Hodges, and that they did, pursuant to this conspiracy, murder John Hodges, Franklin shooting him while the accused struck him and crushed his skull with a blunt instrument.

Gordon Franklin has been duly and properly convicted of murder in the first degree. We do not think the evidence justifies conviction of the accused. At most it shows him to have been an accessory after the fact. There is no proof whatever that the accused planned or conspired with Franklin to kill Hodges. There was no motive shown on the accused's part. He had never seen Hodges before the day of the homicide, and according to the undisputed evidence he, a youth seventeen years of age, was driving about with Lawrence, whom he had only known from thirty to sixty

days looking for work, having just finished a job which had engaged their energies for some weeks. The evidence establishes the following: On the 16th day of November, 1927, in the morning, the accused and Gordon. Franklin were riding in a Ford car, which the accused owned, seeking employment, and while they were on the streets of Roanoke, they passed the home of a brother of John Hodges, when John Hodges hailed Gordon Franklin. John Hodges came out to the car for a talk with Gordon Franklin, during which talk something was said about Gordon Franklin being responsible for the sweetheart of John Hodges being placed in the Detention Home of Roanoke city, but during the conversation John Hodges disclosed the fact that he had some whiskey concealed near the city of Roanoke, Virginia, in that section known as the East Gate Addition, and Gordon Franklin promised Hodges to go with him to that point. The accused and Gordon Franklin drove to the home of Gordon Franklin in the city of Roanoke, Virginia, when, in a short time, John Hodges drove up to the accused and Gordon Franklin in a Ford car belonging to Hodges; and the accused went with them to the point in the East Gate Addition where the liquor was supposed to be located. On the trip to the East Gate Addition, curse words were passed between Gordon Franklin and John Hodges, but accused did not think that there would be any difficulty between them. When the car in which the accused, Gordon Franklin and John Hodges drove to the East Gate Addition stopped, Gordon Franklin and John Hodges got out of the car and started in the supposed direction of the whiskey, with Hodges walking in front, whereupon the dispute between Hodges and Gordon Franklin was renewed, upon the use of vile epithets, Gordon Franklin shot John Hodges. At that

time Franklin and Hodges were in the presence of the accused, though accused was something like twenty steps from them at the time, being at the car. It developed that the two shots fired by Gordon Franklin struck Hodges in the head, but immediately after the firing Hodges ran for a short distance and fell on his hands, pursued by Gordon Franklin, who immediately picked up something from the ground and struck John Hodges on the head with it.

The accused testified that at the command of Gordon Franklin, he went to the scene and aided Franklin in putting the body of his victim into the automobile and rode with Franklin to Goose Creek, a point in Bedford county, Virginia, where Franklin, after tying a rock to the body, put his victim into the creek, from which point the accused and Franklin rode back to the city of Roanoke, Virginia, and to the home of Franklin.

The evidence further discloses that the accused was kept under close surveillance of Franklin until the next day, when they were arrested for stealing Hodges car. Immediately upon his arrest and separation from Franklin the accused told the officers the story of the murder substantially as we have narrated it. There are a few suspicious circumstances which may be said to involve the accused as lending aid to his friend, Lawrence, but they are totally insufficient to do more than cast suspicion upon him. His conduct after the murder was not to be commended, but it is insufficient to convict the accused of the murder of Hodges, giving all the force the jury had a right to give to the accused's conduct prior to the killing.

The law is well settled and needs no citation of authority here. Before one may be convicted of any crime he must be shown to be guilty beyond a reason-

able doubt. In the instant case the evidence falls short, as a matter of law, of meeting this just requirement.

Under this view of the case it is unnecessary here to consider the other assignments of error which relate to the court's action upon the admission and rejection of evidence and the refusal of the court to give certain instructions asked for by accused and giving instructions asked for by the Commonwealth. They probably will not arise upon a new trial. The verdict of the jury must be set aside and the case remanded for a new trial to be had in conformity with the views above expressed.

*Reversed and remanded.*